UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| KELLY C. KIRKWOOD, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>WARDEN R. IVES, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 11-210-HRW<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Katrina Williams, Sheila Saylor, Pam Poston, Terry Doolin, Kermit Johnson, and Jeff Cornelius have filed a motion to dismiss, or in the alternative, motion for summary judgment [D.E. No. 38] and plaintiff Kelly C. Kirkwood has filed his response. [D.E. No. 44] As explained below, the defendants' motion for summary judgment will be granted.

## BACKGROUND

On July 27, 2011, Kirkwood filed this civil rights action alleging that between December 21, 2010, and March 21, 2011, various officials at the United States Penitentiary-McCreary, in Pine Knot, Kentucky, violated his First Amendment rights because they allegedly opened a package that was properly marked as legal mail from his attorney, Henry E. Marines, outside of his presence; presumably read its contents; shuffled the documents out of order; and removed documents from the package.

Kirkwood alleges that after the incident he informed the defendants that their actions had violated his constitutional rights and the law established in *Merriweather v. Zamora*, 569 F.3d 307 (6th Cir. 2009), but that they asserted that they were authorized to open the package and inspect its contents because it was not properly marked as legal mail under BOP regulations. [D.E. No. 2]

In his complaint, Kirkwood alleges that under *Merriweather*, the attorney designation on legal mail is not required to appear at a particular place on the envelope; rather, the sender need only indicate somewhere on the envelope that he or she is an attorney. Kirkwood sought damages for the alleged violations and an injunction prohibiting prison officials from interfering further with his incoming legal mail. After amending his complaint once [D.E. No. 6] Kirkwood filed four more motions to amend his complaint to assert new claims arising out of further instances of alleged interference with his legal mail occurring between October 7, 2011, and November 29, 2011. [D.E. Nos. 9, 20, 21, and 24]

On December 9, 2011, the Court denied Kirkwood's motion for emergency injunctive relief, dismissed any claims arising from alleged interference with his legal mail after December 21, 2010, because it was obvious from his filings that he had not administratively exhausted such claims, and ordered the defendants to be served with process with respect to Kirkwood's remaining claims. [D.E. Nos. 27 and 28]

2

On March 5, 2012, the six remaining defendants filed a motion to dismiss for failure to state a claim against them upon which relief could be granted. [D.E. No. 38] Defendants Poston, Saylor, and Williams filed sworn declarations stating that they were not working at the prison on December 21, 2010, and therefore could not have opened Kirkwood's legal mail. [D.E. Nos. 38-6 through 8] Likewise defendant Doolin filed a sworn declaration stating that he had been assigned to the "Receiving and Discharge" area of the prison where he worked his entire shift and did not work in the mail-room that day. [D.E. No. 38-5] The defendants attached documents approving leave (absence from work) for Poston, Saylor, and Williams on December 21, 2010, and records showing that Doolin was assigned to the "Receiving and Discharge" area of the prison on that day. [D.E. Nos. 38-20 through 23]

Defendants Johnson and Cornelius acknowledge in their sworn statements that they were working in the prison mail-room on December 21, 2010, but they do not specifically recall handling Kirkwood's incoming legal mail on that date. [D.E. Nos. 38-3 through 38-4] They contend, however, that even if they did open Kirkwood's legal mail, they did so because the Post Office had already labeled the package from Marines as "RECEIVED IN DAMAGED CONDITION," and because it was not properly marked as legal mail pursuant to the applicable federal regulation and BOP policy. The return address on the mailing label read as follows:

Henry E. Marines<br>
Law Offices of Henry E. Marines<br>
8501 SW 124th Ave STE 204A<br>
Miami FL 331883-4633

[D.E. No. 2-1, p. 10]

Although the package from Marines was stamped "LEGAL MAIL OPEN IN INMATE PRESENCE ONLY," the defendants contend that return address on the package did not otherwise comply with 28 C.F.R. § 540.19(b), which requires an attorney to list his name and to adequately identify himself as an attorney in the return address of any mailing sent to an inmate. Johnson and Cornelius argue that they knew that the mailing came from the Law Office of Henry E. Marines, but they could not determine from the label whether Marines was a lawyer. [D.E. No. 38-1, p. 19] They argue that the mail room staff "...does not have time to conduct research as to whether the sender is indeed an attorney or not." [*Id.*, p. 7]

Johnson and Cornelius also contend that the return address did not comply with approved examples of properly marked incoming legal mail set forth in BOP Program Statement 5265.14, *Correspondence*, a uniform and evenly-applied policy which prison mail-room employees routinely follow to determine if a mailing qualifies as legal mail which can be opened only in the inmate's presence, or regular mail which can be opened and inspected without the inmate being present.

Johnson and Cornelius argue that the mailing did not match the examples of

compliant legal mail return addresses pursuant to the Example Sheet under the Program Statement; the mailing did not sufficiently identify Marines as an attorney; and because they complied with the applicable regulation and Program Statement, opening the package from Marines on December 21, 2010, was not retaliatory, arbitrary, or in blatant disregard of established mail-room procedures.

Next, Johnson and Cornelius contend that even assuming they improperly opened Kirkwood's legal mail, Kirkwood failed to establish that he suffered any actual injury as a result. They allege that notwithstanding the alleged interference with Kirkwood's legal mail, no pending legal proceeding in which Kirkwood was a party was dismissed; he was not prevented from filing any contemplated legal proceeding; and he did not miss any court-imposed filing deadline. In other words, they allege that Kirkwood was not adversely affected or prejudiced by the alleged opening of his legal mail. [D.E. No. 38-1, pp. 17-18]

Finally, the defendants contend that they are entitled to qualified immunity because their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. [*Id.*, pp. 19-23]

In his response [D.E. No. 44], Kirkwood argued that dismissal of his claims against defendants Johnson and Cornelius is unwarranted because opening his legal mail outside of his presence was contrary to the law established in *Merriweather*.

Kirkwood did not respond to the defendants' argument that he sustained no actual injury as a result of any improper opening of his legal mail.

## DISCUSSION

### 1. Defendants Poston, Saylor, Williams, and Doolin

Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for a defendant to be liable for alleged constitutional violations he or she must have been personally involved in the conduct which allegedly resulted in a constitutional violation. *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976); *Williams v. Mehra*, 135 F.3d 1105, 1114 (6th Cir. 1998). Defendants Poston, Saylor, and Williams have filed sworn declarations and submitted documentation substantiating that they were not working at the prison on December 21, 2010, and Doolin has filed a declaration with supporting documentation which shows that he was not working in the mail-room on that day. If these four defendants either were not working at USP-McCreary on that day or were working in another part of the prison, they could not have been opened Kirkwood's legal mail, and thus would have liability to Kirkwood under *Bivens*.

When a summary judgment motion is properly supported by an affidavit, an opposing party may not rely merely on allegations or denials in [his] own pleading. Instead, the non-moving party must come forward with "specific facts showing a

genuine issue for trial." Fed. R. Civ. P. 56(c)(1). Kirkwood has come forward with no evidence which disputes either the sworn declarations of Poston, Saylor, Williams, and Doolin, or the documentation substantiating that they could not have been personally involved in the alleged opening of his legal mail on December 21, 2010. Indeed, in Kirkwood's response to the defendants' motion, he appears to acknowledge that any liability for the opening his legal mail would lie with "... the two (2) Mailroom staff who worked on the date of incident (December 20, 2010 on or about)." [D.E. No. 44, p. 1] Accordingly, no genuine issue of material fact under Rule 56 exists with respect to defendants Katrina Williams, Sheila Saylor, Pam Poston, and Terry Doolin, and the Court will grant summary judgment in their favor.

### 2. Defendants Jeff Cornelius and Kermit Johnson

Defendants Cornelius and Johnson, the mail room employees on duty of December 21, 2010, contend that because attorney Marines did not properly label the package he sent to Kirkwood as "legal mail," they opened and inspected it as regular mail and were not required to follow the special procedures afforded to legal mail. They appear to argue that because the word "Attorney" did not immediately follow Marines's name in the first line of the return address, they did not know that he was the attorney who was sent mail to Kirkwood, despite the fact that the very next line of the return address read "Law Offices of Henry E. Marines."

7

The controlling regulation states that "correspondence will be handled as special mail only if (1) the envelope is marked with the attorney's name and an indication that the person is an attorney, and (2) the front of the envelope is marked "Special Mail-Open only in the presence of the inmate." 28 C.F.R. § 540.19(b). The second requirement - that the front of the envelope be marked "Special Mail-Open only in the presence of the inmate," was clearly satisfied in this case. The mailing label shows that the package contained the stamp "Legal Mail Open in Inmate Presence" in capital letters. [D.E. No. 2-1, p. 10] Further, the BOP's Mid-Atlantic Regional Office confirmed that the package had been correctly stamped with "Legal Mail Open in Inmate Presence" when it responded to Kirkwood's BP-10 appeal on February 25, 2011. [*Id.*, p. 5]

The Court also agrees with Kirkwood that the first requirement - that the envelope be marked with the attorney's name and indicate that the person is an attorney - was satisfied in this case. The return address on the label read:

> Henry E. Marines
> Law Offices of Henry E. Marines
> 8501 SW 124th Ave STE 204A
> Miami FL 331883-4633

[D.E. No. 2-1, p. 10] It is plain that neither the word "Lawyer" nor "Attorney" appeared immediately before or after Marines's name on the first line of the return address label. The question is whether Section 542.19(b) requires this. By its terms,

8

the regulation requires only that the sender indicate he or she is an attorney, not that "the attorney designation appear at a particular place on the envelope, such as immediately after the person's name, although this would undoubtedly be more convenient for the prison's mail processing staff." *Merriweather*, 569 F.3d at 314. Here, the return address label listed Marines's name, and in the line immediately below, further identified the sender as the "Law Offices of Henry E. Marines." When read together and in conjunction with the stamp which read "LEGAL MAIL OPEN IN INMATE PRESENCE ONLY," this was more than adequate to provide notice to prison officials that the sender was an attorney.

Cornelius and Johnson argue that the letter should have conformed to one of the examples of compliant return addresses set forth in Program Statement 5265.15. [D.E. No. 38-4] But the examples provided are merely guidelines, and plainly do not constitute the *only* means by which an attorney can satisfy the regulation. Contrary to their argument, *Merriweather* explained that 28 C.F.R. § 542.19(b) does not require an attorney designation appear at any particular place on the envelope so long as the sender indicates somewhere on the envelope that he or she is an attorney.

Kirkwood has therefore established that the package satisfied the "legal mail" requirements of Section 540.19(b), and therefore that it should not have been opened outside his presence. The next question is whether the defendants' conduct violated

the First Amendment of the United States Constitution, which guarantees access to the courts; the Fifth Amendment, which guarantees due process of law; or the Sixth Amendment, which guarantees access to counsel in a criminal proceeding.

For a First Amendment claim to succeed, the opening of a prisoner's mail must have been done in an "arbitrary or capricious" fashion with "blatant disregard" for incoming mail regulations. *Lavado v. Keohane*, 992 F.2d 601, 601-11 (6th Cir. 1993); *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). The Sixth Circuit has explained:

> Prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993). However, prison officials who open and read incoming mail in an arbitrary and capricious fashion violate a prisoner's First Amendment rights. *See Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).

*Sallier v. Brooks*, 343 F.3d 868, 873-74 (6th Cir. 2003). The defendants have submitted sworn declarations stating when determining whether a particular piece of incoming mail qualifies as "legal mail" which requires the inmate to be present when opened, they are applying established BOP policies in an even and uniform manner. They further state, if they deviated from that standard by opening Kirkwood's legal mail on December 21, 2010, it was done unintentionally and without malice or prejudice to Kirkwood. [D.E. No. 38-3 at 5; 38-4 at 5] In response, Kirkwood alleges that the defendants are strictly liable if any piece of his legal mail was opened

outside of his presence. However, in *Lavado* the Sixth Circuit declined to hold that any violation of the BOP's mail regulations would constitute a *per se* constitutional violation. *Lavado*, 992 F.2d at 610. Rather, a plaintiff must demonstrate that mail room employees blatantly and arbitrarily ignored mail-room regulations. *Id.* at 611.

Apart from broad allegations of wrongdoing set forth in his complaint, Kirkwood has not made an effort to make this showing. For their part, Johnson and Cornelius explain in their declarations that if they did open the package in question, it was likely because it did not appear visually similar to one of the "good" examples in the BOP's mail-room procedures [D.E. No. 38-18], and because the Postal Service had already marked the package as being in "Damaged" condition. [D.E. No. 38-3 at 3-5; 38-4 at 3-5] When faced with a properly supported motion for summary judgment, the nonmoving party cannot rest on mere allegations to counter that motion; he or she must set forth specific facts through affidavits or other evidence. *Lujan v. National Wildlife Federation*, 497 U.S. 871 884-85 (1990); *see also Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 115 n.31 (1979). Kirkwood has not submitted any evidence or sworn testimony into the record which supports his claim that Johnson and Cornelius engaged in a consistent pattern of improperly opening inmate legal mail. Without more, the evidence of record indicates that Johnson and Cornelius merely relied upon the BOP's "Incoming Legal Mail Example

Sheet" when they opened Kirkwood's package rather than engaging in arbitrary and capricious conduct. *Wyoming v. Oklahoma*, 502 U.S. 437, 464 (1992).

Defendants also separately contend that Kirkwood has not stated a valid First Amendment claim because he was neither prejudiced nor did he suffer any actual injury even if opening the package was improper. A plaintiff must establish prejudice to his ability to access the courts in order to state a First Amendment claim where a prison official interferes with his legal mail. *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) (rejecting prisoner's First Amendment claim because he did not allege that the guard's interference with his legal mail in any way affected his access to the courts); *Corsetti v. McGinnis*, 24 F. App'x. 238, 241 (6th Cir. 2001) ("Regarding the alleged reading of Corsetti's legal mail and legal materials, Corsetti has not alleged, nor is there any evidence, that any papers were seized or that the defendants' reading of the papers caused actual injury or 'hindered his efforts to pursue a legal claim.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Kirkwood does not allege in his complaint [D.E. No. 2], his amended complaint [D.E. No. 6], or his response [D.E. No. 44] that his access to the courts was in any way impaired or affected when his legal mail was opened on December 21, 2010. In his complaint, he stated only that he had requested "some legal materials from

criminal 'defense attorney' Henry E. Marines," and that he had instructed Marines as to the proper mailing regulations concerning special/legal mail. [D.E. No. 2, p. 5] Kirkwood did not allege that the legal materials he requested from Marines pertained to any case in which he was involved, either criminal or civil. As the Sixth Circuit explained in *Sallier*:

> Not all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights. Indeed, even mail from a legal source may have little or nothing to do with protecting a prisoner's access to the courts and other governmental entities to redress grievances or with protecting an inmate's relationship with an attorney.

*Sallier*, 343 F.3d at 874.

While Marines sent the package to Kirkwood, nothing in the record indicates that Marines was representing Kirkwood in any legal proceeding, or that the mailing was related to any of Kirkwood's three criminal cases. The docket sheets from Kirkwood's criminal cases in the United States District Courts for the Northern District of West Virginia and the District of Wyoming, [D.E. Nos. 38-10 through 12], reveal that (1) Marines was not listed as Kirkwood's counsel of record in any of those criminal proceedings, and (2) Kirkwood's criminal proceedings had concluded by February 13, 2009. The package from Marines does not appear to relate to any pending criminal case involving Kirkwood. Further, the federal judiciary's database website, PACER, reveals that Kirkwood has not filed any other civil litigation other

13

than this *Bivens* action. Thus the package from Marines likewise does not appear to be connected to any pending civil litigation involving Kirkwood. Therefore, nothing in the record supports the notion that Kirkwood suffered any prejudice as a result of his legal mail being opened in error by prison officials on December 21, 2010. *Lewis v. Grider*, 27 F. App'x. 282, 283 (6th Cir. 2001) (prisoner's claim for interference with access to courts through opening legal mail failed "as he alleged no prejudice to any pending litigation"); *see also Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) ("A plaintiff must show that non-delivery of his legal mail resulted in actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim.") (internal quotation marks and citations omitted); *Lewis v. Cook County Bd. of Com'rs*, 6 F. App'x 428, 430 (7th Cir. 2001) (plaintiff could not prevail when he did "not describe a single legal case or claim that was in any way thwarted because the mail room staff opened his legal mail.")

Likewise, the opening of Kirkwood's legal mail did not violate his Fifth Amendment right to due process of law because he had an available post-deprivation remedy with respect to that action, *i.e.*, the BOP's administrative remedy process. *See Stanley*, 602 F.3d at 669-70 (finding that hearing which prisoner received during the prison grievance process provided him with procedural due process as to his claims alleging interference with his legal mail). Although the BOP denied Kirkwood's

14

administrative grievances, he still was not denied due process of law, because prisoners have no constitutionally protected liberty interest in an effective grievance procedure. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Overholt v. Unibase Data Entry, Inc.*, 2000 WL 799760, at *3 (6th Cir. 2000).

Nor did Johnson and Cornelius' actions violate Kirkwood's Sixth Amendment right to counsel. The Sixth Amendment reaches "... only to protect the attorney-client relationship from intrusion in the criminal setting. ..." *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). Because the record does not indicate that the package related to any criminal proceeding involving Kirkwood or that its opening interfered with an attorney-client relationship between Kirkwood and Marines, he has failed to state a Sixth Amendment claim. *Stanley*, 602 F.3d at 770-71; *Alavarez. Horel*, 2011 WL 666708, at *1 (9th Cir. 2011) (dismissing prisoner's Sixth Amendment claim alleging that prison staff interfered with his legal mail).

Accordingly, **IT IS ORDERED** as follows:

1. The defendants' Motion to Dismiss is **DENIED** as **MOOT** but their Motion for Summary Judgment, [D.E. No. 38], is **GRANTED**.

2. The Court will enter a judgment contemporaneously with this order.

This 26th day of July, 2012.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge